## JOHN MILLER V. THE STATE.

No. 18425.   Delivered June 10, 1936.

The opinion states the case.

*Reynolds & Heare* and *H. L. Moss,* all of Shamrock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for six years.

Jim Bolden and appellant had been engaged in a card game at appellant's home.   Bolden won appellant's money.   He (Bolden) put $111 in a sack and handed it to his wife.   Porter McGee grabbed the sack.   At this juncture, we quote from the testimony of Bolden: "At that time I was standing right here at the table, and my wife was standing right here (indicating) and she was tying up the sack, and Porter was right behind her,—I don't know exactly where he was then, because I wasn't paying any attention at the time, but anyway he grabbed the sack from around behind her, and she says 'Don't do that,' and she tried to hold on to it, and when she turned around, pulling against the sack, he pulled his gun.   Porter McGee had hold of the sack at the same time, just as my wife had said, 'Don't do that.'   Well, he snatched the sack and the rest of them hollered 'Don't do that,' and he said 'Everybody be still,' and backed out with his gun on us. * * * He drew the gun on my wife first to get that sack and I believe he said

'Turn it loose,' I don't know exactly what he said. I was not scared until I saw him with the gun—that is the only thing that excited me. He took the money from my wife,—just pulled it out of her hands and the gun was how come him to get the money." He testified, further, that shortly before McGee committed the robbery appellant and McGee had left the house together. McGee testified to the effect that appellant induced him to commit the offense, and that he gave all of the money to appellant except the small change. The sheriff testified that he went to appellant's home sometime after the robbery and told him that he thought he had the money that had been taken on the occasion of the robbery. Appellant at first entered a denial. However, he finally told a negro to get the money. He brought about twenty dollars to appellant. The officer insisted that appellant had more of the money. Appellant then told the negro to go get the rest of it. The negro returned in a few minutes with about twenty dollars tied up in a handkerchief. When the officer still insisted that all of the money had not been returned, appellant again sent the negro away. He returned with about twenty dollars. Appellant then told the officer that he would borrow enough to pay the balance if he would not prosecute him.

We deem the evidence sufficient to support the conviction.

It is shown in bill of exception No. 3 that Porter McGee, who was called by the State, at first denied that appellant had anything to do with the perpetration of the robbery. However, he later testified that appellant induced him to commit the offense. The district attorney then asked said witness why he had testified at first that appellant had nothing to do with the robbery. Over appellant's objection that the testimony was irrelevant, immaterial and prejudicial, the witness answered "I testified that way because he (appellant) promised to get me out of it, that is the defendant, John Miller, promised to get me out of it if I would make a witness for him on the stand." We deem said testimony to have been relevant and material.

In the cross-examination of McGee, appellant elicited from him the fact that he had agreed to plead guilty to the charge of robbery. In view of such testimony, we would not feel warranted in holding that bill of exception No. 2 manifests reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.